UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK

ALLAH PAIGE

                                                     Cv 17-4942

                        Plaintiffs                        COMPLAINT

    -against-

CITY OF NEW YORK ,  "JOHN DOES"
 NEW YORK CITY POLICE OFFICERS


                        Defendants

----------------------------------------------------------------------------------- ---X


    Plaintiff,   ALLAH PAIGE ,   by his attorney,  the LAW OFFICE OF ANDREW BERSIN,

hereby brings this action under 42 U.S.C.  section 1983 to redress their civil and legal rights and

alleges as follows:


PRELIMINARY   STATEMENT

1.  This is a civil rights action which the above named plaintiff , seeks  relief  for the

defendants' violations of their rights secured by the Civil Rights Act of 1871, 42

U.S.C. 1983, by the United States Constitution including its First, Fourth and

Fourteenth Amendments and by the laws and Constitution of the State of New York.

Plaintiffs seek compensatory and punitive damages , an award of costs and interest

and attorney's fees and such other and further relief as this Court deems just and

proper.


JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. 1983 and 1988, and the First, Fourth

    and Fourteenth Amendments to the United States Constitution. Jurisdiction is

    conferred upon this Court by 28 U.S.C. 1331 and 1343, this being an action seeking

    redress for the violation of the Plaintiffs' constitutional and civil rights.

3.  Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C.

    1367, over any and all state law claims and as against all parties that are so related

    to claims in this action within the original jurisdiction of this court that they form

    part of the same case or controversy.

4.  Venue in this District is proper under 28 U.S.C. 139(b) and (c) in that Defendant

    CITY OF NEW YORK is administratively located within the SOUTHERN DISTRICT of

    New York, and the events giving rise to this claim occurred within the boundaries of

    the EASTERN District of New York.

JURY TRIAL DEMANDED,

5.  Plaintiffs demand a trial by jury on each and every one of their claims as pleaded

    herein.

PARTIES

6.  At all times relevant to this action, Plaintiff, ALLAH PAIGE, hereinafter referred to as

    PAIGE, is a resident of Richmond County, New York.

7.  Defendant CITY OF NEW YORK, hereinafter referred to as the CITY, is and was at all

    times relevant herein a municipal entity created and authorized under the laws of

    the State of New York . It is authorized by law to maintain a police department

which acts as its agent in the area of law enforcement and for which it is ultimately

responsible.  Defendant CITY  assumes the risks incidental  to the maintenance of a

police force and the employment of police officers.

8.   Defendants  UNKNOWN JOHN DOE POLICE OFFICERS, hereinafter referred to as

JOHN DOE'S,   and other unnamed  police officers  are and were at all times relevant

herein duly appointed and acting officers, servants, employees and agents of the

New York City Police Department, a municipal agency of Defendant CITY .  At all

times relevant herein, the individual defendants were acting under color of laws ,

statutes, ordinances , regulations, policies, customs and /or usages of the State of

New York and the New York City Police Department in course and scope of all their

duties and functions as officers, agents, servants and employees of Defendant CITY,

were acting for, and on behalf of, and with the power and authority vested in them

by the City of New York and the New York City Police Department and were

otherwise performing and engaging in conduct incidental to the performance of

their lawful functions in the course of their duties. They are sued individually and in

their official capacity.

9.    By their  conduct, acts, and omissions complained of herein, Defendants,  "JOHN

DOE'S",   other unnamed  New York City Police Officer, violated clearly established

constitutional standards under the First, Fourth, and Fourteenth Amendments to the

United States Constitution of which a reasonable police officer under the

circumstances would have known.

NOTICE OF CLAIM

10.   Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York,

setting forth the facts underlying Plaintiff's claim against  the CITY OF NEW YORK.

11.   The  plaintiff, ALLAH PAIGE,   was  subjected  to an examination pursuant to N.Y.

Gen. Mun. L. Sec. 50H.

12.    To date no compensation has been offered by Defendant  CITY OF NEW YORK.

13.    This action has been commenced within one year and ninety days of the date of

occurrence of the events giving rise to this COMPLAINT.

**STATEMENT OF FACTS**

14.   On  August 22, 2017, the plaintiff,  ALLAH PAIGE, was inside a delicatessen located

on Holland Ave, on Staten Island when he was confronted by a group of New York

City  Police Officers.

15.   The  defendant "JOHN DOE'S" ,  without provocation, began assaulting the plaintiff

by punching and kicking him and knocking him to the ground.

16.   As a result of being assaulted by these defendants ALLAH PAIGE,  sustained multiple

bruises about his body and required stitches to close a wound under his eye.

17. The plaintiff ,  was arrested and handcuffed and taken to the precinct and jail.

**FIRST CLAIM:  EXCESSIVE FORCE**

DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

AND 42 U.S.C. 1983

18.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each

proceeding paragraph as if fully set forth herein.

19.   The conduct and actions of Defendants   named above   acting in concert and

under color of law, in authorizing, directing the unlawful seizure of the plaintiff

and/or causing  injuries to plaintiffs  by  using excessive and unreasonable force

upon said plaintiffs, was done intentionally, willfully, maliciously, with deliberate

indifference and /or  with reckless disregard for the natural and probable

consequences of their acts, done without lawful justification or reason and was

designed to and did cause specific and serious physical and emotional pain and

suffering in violation of Plaintiffs' rights  as guaranteed  under 42 U.S.C. 1983, and

the Fourth and Fourteenth Amendments to the United States Constitution, including

the right to be free from the use of excessive , unreasonable, and unjustifiable force

and unreasonable and unjustified seizure and arrest.

20.   As a direct and proximate result of the foregoing, Plaintiff was subjected to great

physical and emotional pain and humiliation, was deprived of his liberty and was

otherwise  damaged and injured.

### INTENTIONAL   INFLICTION OF EMOTIONAL DISTRESS
### COMMON LAW CLAIM

21.  Plaintiff re-alleges and incorporate by reference the allegations set forth in each

preceding paragraph as if fully set forth herein.

22.   The above named  defendants conduct as fully set forth in the statement of facts

was extreme, outrageous and utterly intolerable in a civilized community; conduct

which exceeded all reasonable bounds of decency .

23.  The  Defendants ' conduct describe above, was intended to and did cause emotional

distress to plaintiffs.

24.   The conduct of Defendants was the direct and proximate cause of injury and

damage to Plaintiff and violated statutory and common law rights as guaranteed by

the laws and Constitution of the State of New York

25.  As a result of the foregoing Plaintiff was deprived of their liberty were subjected to

serious physical emotional pain and suffering,  and were, otherwise damaged and

injured.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## COMMON LAW CLAIM

26.  The above named Defendants  conduct in  attacking and beating the  plaintiff , was

careless and negligent as to the emotional health of Plaintiff and caused severe

emotional distress to plaintiff.

27.   The acts and conduct of Defendants was the direct and proximate cause of injury

and damage to plaintiff and violated his statutory and common law rights as

guaranteed by the laws and Constitution of the State of New York.

28.  As a result of the foregoing, Plaintiff was deprived of his liberty, was  subjected to

serious physical  and emotional pain and suffering and were  otherwise damaged

and injured

## NEGLIGENCE
## COMMON LAW CLAIM

29.  Plaintiff re-alleges and incorporates and incorporates by reference the allegations

set forth in each preceding paragraph as if fully set forth herein.

30.   Defendants, while acting as agents and employees  for the City of New York, in

their capacity as  police officers for CITY OF NEW YORK,  owed a duty to plaintiff to

perform their police duties without the use of excessive force.  Defendants "JOHN

DOE'S'", use of force upon Plaintiff when Plaintiff was  unarmed and did not pose a

threat of death or grievous bodily injury to defendants  or to others constitutes

negligence for which said named  defendants are directly liable.

31.   Said  Defendants   use of force against Plaintiff  constitutes negligence  for which

Defendants   are directly liable

32. As a  proximate result of defendants   negligent use of excessive force , Plaintiff

suffered physical and emotional pain and suffering and was otherwise damaged and

injured.

**NEGLIGENT RESPONDEAT SUPRIOR LIABILITY OF THE CITY OF NEW YORK**
**FOR STATE LAW VIOLATIONS**
                              COMMON LAW

33. Plaintiff re-alleges and incorporates and incorporates by reference the allegations

set forth in each preceding paragraph as if fully set forth herein.

34.  The conduct of Defendant  " as alleged herein occurred while they were on duty

and in uniform in and during the course and scope of their duties and functions as a

New York City police officer, and while they were acting as an agents and employees

of Defendant CITY OF NEW YORK.  As a result Defendant CITY OF NEW YORK is liable

to plaintiffs pursuant to the state common law doctrine of respondeat superior.

WHEREFORE ,   Plaintiff demands  the following relief jointly and severally against all

of the defendants:


    a.   Compensatory damages in the amount to be determined by a jury.

b.  Punitive damages in an amount to be determined by a jury.

c.  The  convening and empanelling  of a jury to consider the merits of the

    claims herein:

d.  Costs and interest and attorney's fees:

e.  Such other and further relief as this Court may deem just and proper

Dated:  August 21, 2017
Newburgh, New York 12550

_____*andrew bersin*_____
Andrew Bersin (AB-8987)
LAW OFFICE OF ANDREW BERSIN
11 Peter Ave
Newburgh, New York 12550
(845)527-8812 abersin@aol.com